## HENRY HASKELL *vs.* JOHN RICE & another.

Timber was sold upon the land where it was cut, resold by the buyer, and removed to land adjoining also belonging to the first seller, measured, and a portion of it carried away by the second buyer. The first buyer becoming insolvent, the seller forbade the second buyer to carry away the rest of the timber unless he would promise to pay for it, which he did. *It seems,* that the seller had not lost his lien on the timber thus remaining on his land. *Held,* that he could recover its value of the second buyer.

ACTION OF CONTRACT for timber sold and delivered. At the trial in the court of common pleas, it appeared that the plaintiff sold a quantity of timber to one Cleveland, who resold it to the defendants through their agent Shattuck. All of it was taken from the land upon which it was cut into an adjoining pasture, also belonging to the plaintiff, where it was measured and a portion of it carried away. Cleveland becoming insolvent, the plaintiff forbade Shattuck to carry away the rest, unless he would agree to pay him for it, which Shattuck, as the defendants' agent, promised to do; and this action was brought to recover the value of the timber so remaining.

*Morris,* J. instructed the jury that the plaintiff had a right, in consequence of Cleveland's insolvency, to forbid Shattuck to carry away the timber remaining on his land, and had such an interest in it by virtue of his lien, that he could make a valid sale to Shattuck; and that if the jury should find such a sale, he might recover the value of the timber so remaining. The jury

returned a verdict for the plaintiff accordingly, and the defend-
ants alleged exceptions.

*F. H. Dewey & W. S. Davis,* for the defendants.   The plain-
tiff had relinquished possession of the timber, and therefore had
no lien, especially as against a subsequent vendee.   *Tansley* v.
*Turner,* 2 Bing. N. C. 151.   *Miles* v. *Gorton,* 2 Cr. & M. 513.
*Hurry* v. *Mangles,* 1 Campb. 452.   *Macomber* v. *Parker,* 13 Pick.
175.   *Riddle* v. *Varnum,* 20 Pick. 280.   *Arnold* v. *Delano,* 4
Cush. 33.   If he had a lien, he waived it by claiming the prop-
erty as his own.   Cross on Lien, 45.   *Boardman* v. *Sill,* 1 Campb.
410, note.   If he had a lien, he could make no valid sale of the
timber without first demanding the price from Cleveland or his
assignee, or showing a rescission of the original contract.   *Lang-
fort* v. *Tiler,* 1 Salk. 113.   *Greaves* v. *Ashlin,* 3 Campb. 426.
*Lickbarrow* v. *Mason,* 6 East, 21, note.   *Arnold* v. *Delano,* 4
Cush. 33.   *Doane* v. *Russell,* 3 Gray, 382.   Cross on Lien, 47.
He had a right of possession only against the defendants, in
whom the property already was, and this was all that he could
sell them, and for this no action will lie.   *Hart* v. *Tyler,* 15
Pick. 171.

*P. C. Bacon,* for the plaintiff, cited *Arnold* v. *Delano,* 4 Cush.
89 ; *Bloxam* v. *Sanders,* 4 B. & C. 941 ; *Holderness* v. *Shackels,*
8 B. & C. 612 ; Story on Sales, §§ 290, 342, & cases cited.

THOMAS, J.   We have not deemed it necessary in this case to
decide whether the lien of the plaintiff for the price of the
timber not carried away by Cleveland from the plaintiff's land
continued after it was cut and put in the adjoining pasture.   It
would seem however that while it was upon the land of the
plaintiff, without hire and without special license for so remain-
ing, the lien continued.   But however this may be, in September
1855 the plaintiff claimed the property as his own and forbade
the defendants to take it unless they paid for it.   Thereupon, by
their agent, the defendants assented to take the timber upon
these conditions.   That agreement, so far as it concerned the
timber remaining, for the price of which alone the verdict was
given, is the end of the case.

The instructions therefore, that the plaintiff, as between him

and Shattuck, the agent of the defendants, could make a valid sale of the property, and that if from the facts the jury should find a sale, the plaintiff might recover the price in this action, were correct. *Exceptions overruled.*